**Panos Lagos (SBN 61821)**
**LAW OFFICES OF PANOS LAGOS**
5032 Woodminster Lane
Oakland, CA 94602
Tel. (510) 530-4078
Fax (510) 530-4725
e-mail: panos@panoslagoslaw.com

Attorney for Plaintiff,
**SALVADOR VALLE**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SALVADOR LUIS VALLE**, <br><br> Plaintiff, <br><br> vs. <br><br> **COUNTY OF CONTRA COSTA,** a municipal corporation; County of Contra Costa Law Enforcement Officers **MICHAEL POLEN** (Badge No. 77561), individually, **SONASI MAKA** (Badge No. 82797), individually, and **MICHAEL SANTOS** (Badge No. 72360), individually, **DAVID CRUZ** (Badge No. 82165), individually; and **DOES 1 through 50**, jointly and severally, <br><br> Defendants. | Case No. <br><br> **COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, AND DEMAND FOR JURY TRIAL** <br><br> 1. 42 U.S.C. § 1983 – Civil Rights Violations <br> 2. 42 U.S.C. § 1983 – Municipal and Supervisory Liability <br> 3. California Civil Code § 52.1(b) – State Civil Rights Violations <br> 4. Assault and Battery <br> 5. Negligence |

Plaintiff, by and through his attorneys, the LAW OFFICES OF PANOS LAGOS, for his Complaint against Defendants, states the following:

**INTRODUCTION**

This case arises out of an incident in which Plaintiff, SALVADOR LUIS VALLE ("VALLE" or "PLAINTIFF"), was subjected to excessive force and was wrongfully arrested.

**JURISDICTION AND VENUE**

1. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and (4) because this case is being brought to obtain compensatory and punitive damages for the deprivation, under color of state law, of the rights of citizens of the United States that are secured by the

United States Constitution, pursuant to 42 U.S.C. §§ 1983 and 1988. This action is brought pursuant to the Fourth Amendment to the United States Constitution, as well as the laws and Constitution of the State of California. This action is brought pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, as well as the laws and Constitution of the State of California.

2. PLAINTIFF further invokes the supplemental jurisdiction of this Court, pursuant to 28 U.S.C. § 1367(a), to hear and decide claims arising under state law.

3. Venue is proper, pursuant to 28 U.S.C. § 1391(e)(2), because the events giving rise to PLAINTIFF'S claims occurred in this judicial district.

**INTRADISTRICT ASSIGNMENT TO OAKLAND OR SAN FRANCISCO DIVISION**

4. A substantial part of the events and/or omissions complained of herein occurred in the City of San Pablo, County of Contra Costa, State of California, and, pursuant to Northern District Civil Local Rule 3-2(e), this action is properly assigned to the Oakland or San Francisco Division of the United States District Court for the Northern District of California.

**PARTIES**

5. PLAINTIFF is a citizen of the United States, a competent adult, and a resident of the State of California.

6. Defendant COUNTY OF CONTRA COSTA ("COUNTY") is a municipal corporation, duly organized and existing under the laws of the State of California, and is the employer of the individual defendants named above, including deputies MICHAEL POLEN (Badge No. 77561) ("POLEN" or "Officer Defendants"), SONASI MAKA (Badge No. 82797) ("MAKA" or "Officer Defendants"), DAVID CRUZ (Badge No. 82165) ("CRUZ" or "Officer Defendants"), Sergeant MICHAEL SANTOS (Badge No. 72360) ("SANTOS" or "Officer Defendants") of the County of Contra Costa Sheriff's Office, as well as to-be-identified DOE Defendants. Under its authority, the COUNTY operates the Contra Costa County Sheriff's Office ("CCCSO").

7. Defendants POLEN, MAKA, CRUZ, and SANTOS, at all material times, were employed by COUNTY as law enforcement officers and were acting within the course and scope

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, and DEMAND FOR JURY TRIAL
*Valle v. County of Contra Costa, et al.*
USDC (N.D. Cal.) Case No.: _____                                                        2

of that employment, and under color of state law. Defendants POLEN, MAKA, CRUZ, SANTOS, and DOES 1 through 50 are sued in their individual capacities.

8. The true names or capacities, whether individual, corporate, associate, or otherwise of Defendants named herein as DOES 1 through 50 are unknown to PLAINTIFF, who, therefore, sues said Defendants by said fictitious names. PLAINTIFF will amend this Complaint to show said Defendants' true names and capacities when the same have been ascertained. PLAINTIFF is informed, believes, and thereon alleges that all Defendants sued herein as DOES are in some manner responsible for the acts, omissions, and injuries alleged herein.

9. PLAINTIFF alleges, on information and belief, that each of the Defendants sued herein was wrongfully, negligently, and/or otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to PLAINTIFF. Further, one or more DOE Defendants was at all material times responsible for the hiring, training, supervision, and discipline of other Defendants, including both the individually named and DOE Defendants.

10. PLAINTIFF is informed, believes, and thereon alleges that each of the Defendants was, at all material times, an agent, servant, employee, partner, joint venturer, coconspirator, and/or alter ego of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the course and scope of that relationship.

11. PLAINTIFF is further informed, believes, and thereon alleges that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may hereinafter be otherwise, specifically alleged.

12. At all material times, each officer Defendant was jointly engaged and integrally involved in constitutionally violative, unlawful, and/or tortious activity, resulting in the deprivation of PLAINTIFF'S constitutional rights and other actionable harm.

13. The acts and omissions of all Defendants[1], as set forth herein, were at all material times pursuant to the actual customs, policies, practices, and/or procedures of the CCCSO or,

---

[1] Wherever "Defendants" are referenced, both named and DOE Defendants are included.

alternatively, such acts and omissions were pursuant to the lack thereof and, thus, were in lieu of policies, practices, and procedures that should have been in place.

14. At all material times, each Defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California.

15. The incident that gave rise to PLAINTIFF'S claims occurred on November 28, 2020. PLAINTIFF timely and properly presented a California Government Code section 910 claim to COUNTY on January 11, 2021. That claim was rejected by operation of law, on February 9, 2021, of which COUNTY served notice, on February 9, 2021. Thus, the instant action is timely filed within all applicable statutes of limitation.

16. This complaint may be pleaded in the alternative, pursuant to Rule 8(d)(2) of the Federal Rules of Civil Procedure.

## GENERAL ALLEGATIONS

17. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

18. On or about November 28, 2020, at approximately 6:28 p.m. in the City of San Pablo, POLEN unnecessarily and inappropriately struck PLAINTIFF'S face three times in closed-fist fashion after PLAINTIFF had been handcuffed and/or while his arms were held behind him by MAKA, CRUZ and/or SANTOS.

19. PLAINTIFF was subjected to excessive and unlawful force by POLEN, MAKA, CRUZ, and SANTOS. At all times, POLEN, MAKA, CRUZ, and SANTOS knew their actions were unlawful and that PLAINTIFF had the Constitutional right to be free from excessive force. PLAINTIFF sustained physical injury, fear, anger, frustration, worry, anxiety, emotional and mental distress, and economic and noneconomic damages, for which PLAINTIFF has received medical treatment and incurred medical bills.

20. The excessive force used on PLAINTIFF was executed with the acquiescence of the other officer Defendants that were present, as well as any DOE Defendants, all of whom were in a position to and had time to stop Defendant POLEN from using excessive force, and who could have intervened, but failed to do so. As such, these Defendants were integral

participants in the excessive force and other noted constitutional violations.

21. The conduct of POLEN, MAKA, CRUZ, and SANTOS was intentional, deliberate, malicious, despicable, wanton, and oppressive, entitling PLAINTIFF to an award of punitive damages against said Defendants.

22. As a direct and proximate result of each Defendant's acts and/or omissions, as set forth above, PLAINTIFF sustained the following injuries and damages, past and future, including, but not limited to:

    a. Hospital and medical expenses;

    b. Physical pain and suffering, past and future;

    c. Permanent injuries;

    d. Emotional distress, pain and suffering, fear, anxiety, sleeplessness, humiliation, and indignity;

    e. Loss of enjoyment of life and other continued pain and suffering;

    f. All other legally cognizable special and general damages;

    g. Violations of federal constitutional rights; and,

    h. All damages, costs, and attorneys' fees and penalties recoverable under 42 U.S.C. §§ 1983, 1988, California Civil Code §§ 52 and 52.1, and as otherwise allowed under California and United States statutes, codes, and common law.

## CLAIMS

### FIRST CLAIM
### (42 U.S.C. § 1983 –FOURTH AMENDMENT VIOLATION)
### PLAINTIFF AGAINST DEFENDANTS POLEN, MAKA, CRUZ, SANTOS, and DOES 1-20

23. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

24. By the willful and joint actions and omissions described above, Defendants POLEN, MAKA, CRUZ, SANTOS, and DOES 1-20 violated 42 U.S.C. § 1983, depriving PLAINTIFF of the following clearly established and well-settled constitutional rights that are protected by the Fourth Amendment to the U.S. Constitution:

a. The right to be free from seizures, as secured by the Fourth Amendment; and

b. The right to be free from the use of unlawful and/or unreasonable force, as secured by the Fourth Amendment.

25. PLAINTIFF sustained injuries and damages, as set forth at ¶ 22 above, as a direct and proximate result of Defendants' actions and/or omissions. PLAINTIFF is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

26. Any supervisors, including, but not limited to Defendant MILLER, that failed to prevent the unconstitutional acts of said Defendants and failed to properly supervise them are liable directly and in their capacity as a supervisor.

27. Defendants subjected PLAINTIFF to their wrongful conduct, and deprived PLAINTIFF of the rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of PLAINTIFF and others would be violated by their acts and/or omissions. Thus, the conduct of the individual Defendants and DOES 1-20 entitles PLAINTIFF to punitive damages and penalties allowable under 42 U.S.C. § 1983 and California law.

28. PLAINTIFF is also entitled to reasonable costs and attorneys' fees under 42 U.S.C. § 1988 and other applicable California codes and laws.

**SECOND CLAIM**
**(42 U.S.C. § 1983 – Municipal and Supervisory Liability)**
**PLAINTIFF AGAINST DEFENDANT COUNTY, POLEN, MAKA, CRUZ, SANTOS, and DOES 21-30**

29. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

30. The to-be-identified supervisors, including DOES 21-30, each permitted and failed to prevent the unconstitutional acts of the other Defendants and individuals under their supervision and control, and failed to properly supervise such individuals, with deliberate indifference to the rights of PLAINTIFF. Each of these supervising Defendants either directed his or her subordinates in conduct that violated PLAINTIFF'S rights, OR set in motion a series of acts and omissions by his or her subordinates that the supervisor knew or reasonably should

have known would deprive PLAINTIFF of rights, OR knew his or her subordinates were engaging in acts likely to deprive PLAINTIFF of rights and failed to act to prevent his or her subordinates from engaging in such conduct, OR disregarded the consequence of a known or obvious training deficiency that he or she must have known would cause subordinates to violate PLAINTIFF'S rights, and, in fact, did cause the violation of PLAINTIFF'S rights. (See, Ninth Circuit Model Civil Jury Instruction 9.4). Furthermore, each of these supervising Defendants is liable for their failures to intervene in their subordinates' apparent violations of PLAINTIFF'S rights.

31. On information and belief, the unconstitutional actions and/or omissions of the individually named Defendants herein were pursuant to the following customs, policies, practices, and/or procedures of the CCCSO, stated in the alternative, which were directed, encouraged, allowed, and/or ratified by policy making officials for the COUNTY and/or the CCCSO:

    a. Failure to supervise and/or discipline its law enforcement officers for misconduct that results in the violation of citizens' civil rights; and/or,

    b. "Hurt a person – charge a person," pursuant to which if a law enforcement officer wrongly hurts, detains, or arrests a person, the officer will falsely seek to secure the filing and prosecution of a false criminal charge or false criminal charges against the person; the officer seeks the filing and prosecution of such charges with the belief that a conviction (whether by plea or at trial) will prevent the person from suing for their injuries that were wrongfully inflicted by the officer, or that the person will plea to a lesser charge, thereby severely limiting the person's right to sue the officer. Tolerating or condoning "hurt a person – charge a person" encourages officers to use excessive force and/or to falsely arrest and criminally charge persons; and/or,

    c. Using or tolerating excessive and/or unjustified force and/or false arrests and false incident reporting; and/or

///

d. Using or tolerating inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of excessive force or law enforcement officer misconduct, including claims made under California Government Code section 910 et seq.; and/or

e. Failing to institute, maintain, or effectively administer and enforce proper and adequate training, supervision, policies, protocol, and procedures concerning appropriate/constitutional responses to and investigation of 9-1-1 calls for service that, among other things, require an investigation of the call including, but not limited to, contact with the caller/alleged victim/complaining witness; and/or

f. To cover-up violations of constitutional rights by any or all of the following:

   i. by failing to properly investigate and/or evaluate complaints or incidents of excessive force, unlawful seizures, conduct that is in retaliation for citizens' exercise of their right to free speech, and other violations;

   ii. by ignoring and/or failing to properly and adequately investigate and discipline unconstitutional or unlawful law enforcement officer activity; and

   iii. by allowing, tolerating, and/or encouraging law enforcement officers: to not file complete and accurate reports by officers; to file false reports; to make false statements; to intimidate, bias, and/or "coach" witnesses to give false information and/or to attempt to bolster officers' stories; and/or to obstruct or interfere with investigations of unconstitutional or unlawful conduct by officers, by withholding and/or concealing material information;

g. Allowing, tolerating, and/or encouraging a "code of silence" among law enforcement officers, whereby an officer or member of the department does not provide adverse information against a fellow officer or member of the

department;

h. Using or tolerating inadequate, deficient, and/or improper procedures for handling, investigating, and reviewing complaints of officer misconduct;

i. Allowing, encouraging, and fostering a course of action by CCCSO'S law enforcement officer that leads them to believe they can abuse their powers of arrest and force and then cover up their abuse of power by violating their duty to truthfully report their conduct with the citizen, so as to avoid being held accountable for such abuse of authority; and

j. Failing to have and enforce necessary, appropriate, and lawful policies, procedures, and training programs to prevent or correct the unconstitutional conduct, customs, and procedures described in this Complaint and in subparagraphs (a) through (i) above, with deliberate indifference to the rights and safety of PLAINTIFF and the public, and in the face of an obvious need for such policies, procedures, and training programs.

32. Defendants CCCSO, and DOES 21-30 failed to properly hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline Defendants POLEN, MAKA, CRUZ, SANTOS, DOES 1-20, and other CCCSO personnel, with deliberate indifference to PLAINTIFF'S Constitutional rights, which were thereby violated as described above.

33. The unconstitutional actions and/or omissions of Defendants POLEN, MAKA, CRUZ, SANTOS, DOES 1-20, and other CCCSO personnel, as described above, were approved, tolerated, and/or ratified by policy-making officers for COUNTY and CCCSO. PLAINTIFF is informed and believes, and thereupon alleges, that the details of this incident have been revealed to the authorized policy makers within the COUNTY and the CCCSO, and that such policy makers have direct knowledge of the facts of this incident. Notwithstanding this knowledge, the authorized policy makers within the COUNTY and the CCCSO have approved of the conduct of Defendants POLEN, MAKA, CRUZ, SANTOS, DOES 1-20, and other CCSO personnel, and have made a deliberate choice to endorse the decisions of those Defendants and the basis for those decisions. By so doing, the authorized policy makers within the COUNTY and the CCCSO

have shown affirmative agreement with the individual Defendants' actions, and have ratified the unconstitutional acts of the individual Defendants.

34. In the alternative, upon information and belief, PLAINTIFF alleges Defendant COUNTY may have instituted policies or training addressing some or all the topics listed above, but has, either through negligence or deliberate indifference to citizens' rights, failed to properly oversee, follow, and enforce such policies and/or training.

35. The above-described customs, policies, practices, and/or procedures of the CCCSO were a moving force and/or a proximate cause of the deprivations of PLAINTIFF'S constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth in the paragraphs above, including PLAINTIFF'S first cause of action.

36. Defendant COUNTY is also liable for the violations of PLAINTIFF'S rights by its final policy makers, as described above. (See, Ninth Circuit Model Civil Jury Instruction 9.6).

37. The aforementioned customs, policies, practices, and procedures; the failure to properly and adequately hire, train, instruct, monitor, supervise, evaluate, investigate, and discipline; and, the unconstitutional orders, approvals, ratifications, and tolerance of wrongful conduct of Defendants COUNTY and DOES 21-30 were a moving force and/or a proximate cause of the deprivations of PLAINTIFF'S clearly established and well-settled constitutional rights, in violation of 42 U.S.C. § 1983, as more fully set forth above.

The lack of training was so reckless numbered or grossly negligent that deprivations of persons' constitutional rights were substantially certain to result.

38. Defendants subjected PLAINTIFF to their wrongful conduct, depriving PLAINTIFF of rights described herein, knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of PLAINTIFF and others would be violated by their acts and/or omissions. As a direct and proximate result of the unconstitutional actions, omissions, customs, policies, practices, and procedures of Defendants COUNTY and DOES 21 30, as described above, PLAINTIFF suffered injuries, constitutional violations, liberty deprivations, and incurred damages, and thus, he is entitled to damages, penalties, costs, and attorneys' fees, as set forth in ¶ 22, above, and is entitled to punitive damages against the to-be identified policy

maker and/or supervisorial Defendants in their individual capacities. Further, PLAINTIFF'S only means of securing complete and adequate relief is to also seek declaratory and injunctive relief, to offer PLAINTIFF substantial and complete protection from Defendants' unlawful policies and practices. PLAINTIFF, thus, seeks both legal damages and an equitable remedy in the form of injunctive and declaratory relief against Defendant COUNTY.

**THIRD CLAIM**
**(VIOLATION OF CALIFORNIA CIVIL CODE § 52.1 – BANE ACT)**
**PLAINTIFF AGAINST DEFENDANTS COUNTY, POLEN, MAKA, CRUZ, SANTOS, and DOES 1-20**

39. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

40. By their acts, omissions, customs, and policies, each Defendant, acting in concert/conspiracy, as described above, interfered with, and/or attempted to interfere with, and violated PLAINTIFF'S rights under California Civil Code § 52.1, and the following clearly established rights under the United States Constitution and the California Constitution:

   a. The right to be free from excessive and unreasonable force in the course of arrest or detention, as secured by the Fourth and Fourteenth Amendments;

   b. The right to be free from unreasonable or excessive force, as secured by the California Constitution, Article 1, Section 13; and,

   c. The right to protection from bodily restraint, harm, or personal insult, as secured by Civil Code § 43.

41. Alternatively, or concurrently, the threat, intimidation, and coercion described herein was neither necessary nor inherent to Defendants' violation of PLAINTIFF'S rights, nor to any legitimate law enforcement activity.

42. Further, all of Defendants' violations of duties and rights and coercive conduct, described herein, were volitional acts; none were accidental or merely negligent.

43. Defendant COUNTY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees'

employment.

44. As a direct and proximate result of Defendants' violation of California Civil Code § 52.1 and of PLAINTIFF'S rights under the United States and California Constitutions and law, PLAINTIFF sustained injuries and damages, and against each and every Defendant is entitled to relief, as set forth above, in ¶ 22, and to punitive damages against the individual Defendants and DOES 1–20 in their individual capacities, including all damages allowed by California Civil Code §§ 52, 52.1, and California law, including costs, attorneys' fees, three times actual damages, and civil penalties. No punitive damages are sought against Defendant COUNTY directly.

**FOURTH CLAIM**
**(ASSAULT AND BATTERY)**
**PLAINTIFF AGAINST DEFENDANTS COUNTY, POLEN, MAKA, CRUZ, SANTOS, and DOES 1-20**

45. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

46. By the acts of Defendant POLEN, MAKA, CRUZ, SANTOS, and DOES 1-20, as alleged above, PLAINTIFF was subjected to an assault and battery, thereby entitling PLAINTIFF to damages pursuant to California law.

47. Defendant COUNTY is not sued directly in this cause of action, but is named because it is liable under California Government Code § 815.2 for injury proximately caused by an act or omission of an employee, committed within the course and scope of the employees' employment.

48. As a proximate result of the foregoing wrongful acts, PLAINTIFF sustained injuries and damages, as set forth above, in ¶ 22. PLAINTIFF is, therefore, entitled to general and compensatory damages in an amount to be proven at trial.

49. In committing the acts alleged above, Defendant POLEN, MAKA, CRUZ, and SANTOS acted maliciously and/or were guilty of a wanton and reckless disregard for the rights, safety, and emotional well-being of PLAINTIFF, and by reason thereof, PLAINTIFF is entitled to punitive damages against Defendant POLEN in an amount to be proven at trial. No punitive

damages are sought against the COUNTY directly.

**FIFTH CLAIM**
**(NEGLIGENCE)**
**PLAINTIFF AGAINST DEFENDANTS COUNTY, POLEN, MAKA, CRUZ, SANTOS, and DOES 1-20**

50. PLAINTIFF re-alleges and incorporates by reference each and every allegation contained in the paragraphs above, as though fully set forth here.

51. At all times, each Defendant owed PLAINTIFF the duty to act with reasonable care in the execution and enforcement of any right, law, or legal obligation. These general duties of reasonable care and due care owed to PLAINTIFF by all Defendants include, but are not limited to, the following specific obligations:

    a. to refrain from using, or causing to be used, excessive and/or unreasonable force against PLAINTIFF;

    b. to use generally accepted police procedures and tactics that are reasonable and necessary under the circumstances;

    c. to refrain from abusing their authority granted them by law; and

    d. to refrain from violating PLAINTIFF'S rights guaranteed by the United States and California Constitutions, as set forth above, and as otherwise protected by law.

52. Additionally, these general duties of reasonable care and due care owed to PLAINTIFF by Defendant COUNTY and DOES 21–40, include but are not limited to the following specific obligations:

    a. to properly and adequately hire, investigate, train, supervise, monitor, and discipline their employees, agents, and/or CCCSO law enforcement officers to ensure that those employees/agents/officers act at all times in the public interest and in conformance with law;

    b. to make, enforce, and at all times act in conformance with policies and customs that are lawful and protective of individual rights, including PLAINTIFF'S;

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, and DEMAND FOR JURY TRIAL
*Valle v. County of Contra Costa, et al.*
USDC (N.D. Cal.) Case No.: _____

13

   c. to refrain from making, enforcing, and/or tolerating the wrongful policies and customs set forth at ¶¶ 29-38 above.

53. Defendants, through their acts and omissions, breached one, more, or all of the aforementioned duties owed to PLAINTIFF.

54. Defendant COUNTY is vicariously liable, pursuant to California Government Code § 815.2.

55. As a direct and proximate result of the Defendants' negligence, PLAINTIFF sustained injuries and damages, and against each and every Defendant is entitled to relief as set forth above, in ¶ 22, and to punitive damages against the individual Defendants. No punitive damages are sought against COUNTY directly.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF respectfully requests the following relief against each and every Defendant herein, jointly and severally:

 a. Compensatory damages in an amount according to proof and which is fair, just and reasonable;

 b. Punitive damages against the individual Defendants, under 42 U.S.C. § 1983 and California law, in an amount according to proof and which is fair, just, and reasonable (punitive damages are not sought against Defendant COUNTY);

 c. All damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988, California Civil Code § 52 et seq., and as otherwise may be allowed by California and/or federal law;

 d. Injunctive and declaratory relief, including, but not limited to, an order prohibiting Defendant COUNTY and its law enforcement officers from engaging in the unconstitutional customs, policies, practices, training, and supervision as may be determined and/or adjudged by this case; and,

 e. For such other and further relief as this Court may deem appropriate, just, or proper.

///

COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEF, and DEMAND FOR JURY TRIAL
*Valle v. County of Contra Costa, et al.*
USDC (N.D. Cal.) Case No.: _____  14

**JURY TRIAL DEMAND**

PLAINTIFF hereby respectfully demands a jury trial in this action on all claims for relief that are triable by a jury, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated: August 2, 2021                                    LAW OFFICES OF PANOS LAGOS

*/s/Panos Lagos*
Panos Lagos, Esq.
Attorney for Plaintiff
SALVADOR LUIS VALLE